IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

MONTGOMERY DIVISION

| | |
|---|---|
| ERIC HOLLOWAY | ) |
| PETITIONER, | ) |
| vs. | ) Civil Action # |
| DARLENE DREW, WARDEN<br>FEDERAL PRISON CAMP<br>MONTGOMERY, AL | ) 2:07CV160-MEF<br>)<br>) |
| RESPONDENT, | ) |

**MOTION FOR INJUNCTIVE RELIEF UNDER 18 U.S.C. §3626**

NOW COMES PETITIONER ERIC HOLLOWAY, pro se, in the above seeking relief as necessary by the actions of Darlene Drew, Warden, Bureau of Prisons, Federal Prison Camp, Montgomery, AL.

STATEMENT OF FACTS

Petitioner filed under Bureau of Prisons Program Statement 1330.13 and 28 CFR §542.10, 542.11, 542.12, 542.13, 542.14 and 542.15. Accordingly, it should be duly noted that on several occasions petitioner tried to resolve his complaint

with Food Service Administrator Hal Johnson (see Attachment 1) as noted in §542.13 Informal resolution.

> (a.) Informal Resolution. Except as provide in §542.13(b) an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.

On October 16, 2006 petitioner filed the requisite FPC Montgomery, AL Informal Resolution Form in accordance with B.O.P. Program Statement 1330.13 and 28 CFR §542.13 and §542.14 Initial filing.

> (a.) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9) is 20 calendar days following the date on which the basis for Request occurred.

This request was directed to FPC Montgomery Counselor Ricky Pierce (Mobile Unit) (see Attachment 1). However in accordance with PS 1330.13 and 28 CFR §542.13, this was returned to Counselor Ricky Pierce on October 16, 2006. Counselor Pierce did not respond to numerous verbal requests from Petitioner about the status of the Informal Resolution Form (also knows as BP 8½) or the concerns listed therein. Accordingly, as noted in §524.14 Initial filing (b) Extension: **NO EXTENSION WAS REQUESTED BY STAFF FOR NOT ANSWERING OR NEED FOR DELAY TO ANSWER.**

As a result of Counselor Pierce's and Food Service Administrator Hal Johnson's failure to respond in a timely manner I requested a Administrative Remedy Form (also known as a BP-9) (see attachment 2).

2

Counselor Ricky Pierce, FPC Montgomery, (Mobile Unit) gave me the requested form on 11-16-06, and after completing the required information and attachments (1 additional page stapled to BP-9) they were returned to Counselor Ricky Pierce on November 20, 2006 (see Attachment 2 and 3)

However, On November 30, 2006, Counselor Ricky Pierce, FPC Montgomery (Mobile Unit) gave me a copy of the Informal Resolution, after I once again repeatedly asked for a dated/time stamped receipt of the Administrative Remedy Form. However, I never signed nor accepted or was given the option of informal resolution as required by Program Statement 1330.13 and 28 CFR §542.13 **Informal resolution.** (See attachment 1). Upon examination of form, (see attachment 2), my Request for Administrative Remedy sat for 20 days before being forwarded to the Assistant Warden's office (Mr. Purdue), and another six (6) days elapsed before making it to the Warden's office. (see attachment 3 date/time stamped) on December 5, 2006.

Upon receipt by Warden Drew's office the return date to petitioner in compliance with 1330.13 and 28 CFR §542.14 **should have been 20 days from receipt date of December 5, 2006.**

Within the normal course of non-business and compliance I had to ask Counselor Pierce, what was the date to expect an answer to my Administrative Remedy. On December 22, 2006, he notified me that he did not have a date, and it was not in the computer.

<u>3</u>

On January 12, 2007, a notice addressed to me was posted in he FPC Montgomery, Mobile housing unit advising me to see the Unit Secretary. Upon entering her office and stating my name and inmate registration number she handed me the a packet which contained the Response to Request For Administrative Remedy along with the Administrative Remedy From.. However, upon receipt, I asked here to sign and date the Request for Administrative Remedy Form in the appropriate area and she declined, stating emphatically the <u>neither FPC Montgomery nor her will sign these forms</u>. Yet, upon revies (see Attachment 2) <u>Part C, clearly has a Case Number and appropriate area(s) for signature of staff and date given to inmate from staff</u>. She further stated if I wanted a signature and date of receipt I would have await the return of FPC Montgomery, Mobile Unit Manager, Mr. Stephens on Tuesday, January 16, 2007.

January 16, 2006 upon the return of Unit Manager Stephens, Mobile Unit Manager, I asked him to sign and date the Response To Request For Administrative Remedy. Unequivocally, he informed petitioner that he needed to verify the date of receipt with the Mobile Unit Secretary. On Wednesday, January 17, 2007, Mr. Stephens, Mobile Unit Manager signed and dated the form in the appropriate area with a receipt date of January 12, 2007. However, it should be clearly noted that the <u>actual date of signature was January 3, 2007.</u> This date is of utmost importance as BOP Program Statement 1330.13 and 28 CFR clearly states the following:

4

> §542.15 Appeals (a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within <u>20 calendar days of the date of the Warden signed the response</u>.

On January 17, 2007 I asked Counselor Ricky Pierce, for a BP-10 (see attachment 4) in accordance with **BOP 1330.13 and 28 CFR §542.15 Appeals. (a)**

I compiled all relevant appeal information and placed an appeal packet which included a letter stating factually that the reason for delay was due to the nine (9) day delay from signature of Warden Drew to receipt by petitioner. This package was placed in the inmate mail box for mailing with correct postage affixed and addressed to Southeastern Regional Office of the Bureau of Prisons, attn: General Counsel (see Attachment 4, letter of explanation)

Yet, not surprisingly as I attempted to get Unit Manager Stephens to provide a letter explaining the delay as mentioned in accordance with 1330.13 and 28 CFR **§542.14 Initial filing.**

> **(b) Extension.** Where the inmates demonstrates a valid reason for delay, and extension in filing time may be allowed; an unusual long period of taken for informal resolution attempts; indication by an inmate, verified by staff.......

On or around the week of February 9, 2007, however, I can't be sure as the package was given to me at mail call in a plain brown envelope with <u>only my name and registration and dorm location on it</u>. Enclosed was the package of appeal from The General Counsel, Bureau of Prisons Southeastern Regional Offic

Office that was being returned with a one page explanation clearly stating <u>the reason for return as being untimely</u>. (see Attachment 5)

This package also was date stamped as being received in the Bureau of Prison Southeastern Regional Office on January 31, 2007. A mailing time of 13 days, clearly one wonders if the weekends are counted and when it actually arrived. However, to the point, if one would <u>subtract the nine (9) day delay from Warden's Drew signature of 1-3-07 to receipt by petitioner of 1-12-07</u>, the delay in receipt would not be in <u>question</u>.

Upon notifying Unit Manager Stephens about this problem he informed me he did <u>know what I should do</u>. I proceeded to inquire with Assistant Warden Purdue about the problem, he in turn had Case Management Coordinator Mrs. Moore to join our conversation and gave her the instructions/directions to contact Mr. Stephens, Mobile Unit Manager to provide me with a letter of explanation for the delay in filing and the circumstances involved.

In keeping with the level of operational professionalism at FPC Montgomery, exactly 9 days from receipt of return from BOP Southeastern Regional Office to the time of being able to speak with someone for <u>resolution again</u>.

Yet, as this problem seemed to one that everyone hoped would go away no response from Mr. Stephens, Mobile Unit

Manager, I spoke to Warden Drew in the dining hall during the lunch hour on February 14, 2007, who after informing her of my dilemma to provide her with a Inmate Request to Staff. This was provided on February 15, 2007 (see attachment 6) with all necessary paperwork and explanation for her review. As of this date of filing (February 20, 2007) there has been on resolution or response from Warden Drew as of this filing.

This district court is the appropriate forum for a petitioner's to seek relief once inmate has tried to utilize the PLRA and exhaust all administrative remedies if affored prior to filing. However, in this instance exhaustion has been impossible and would be futile as the secondary step to administrative relief has been prevented by Federal Prison Montgomery Staff, and Warden Drew. The very act of the PLRA is intended **"to eliminate unwarranted federal-court interference with the administration of prisons, "Woodford v. Ngo, ____U.S.____,____. 127 S.CT 2389. 2378, 165 L.Ed.2d 368 (2006),** to reduce the quantity and improve the quality of prisoner suits, **Porter, 534 U.S. at 524, 122 S.Ct. 983, and to .... afford[] corrections officials time and opportunity to address complaint internally before allowing the initiation of a federal case,"** id at 525, 122 S.CT. 983.

This court has recognized that "while the PLRA's exhaustive requirement is mandatory, **Porter, 534 U.S. at 524, 122 S.Ct. 983 ...** certain caveats apply." Givano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004). These caveats fall into

7

three categories: when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exahust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement. **Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).**

In this instance petitioner is asking stating that his compliance with PLRA be waived based on caveats (2) and (3) and that PLRA exhaustion thus **"demands compliance with an agency's deadlines and other critical procedural rules."**

Petitioner has demonstrated that he has tried to comply with this agencies requirements and rules, yet consistently bared, and given a lackadaisical management approach and procedural non-adherance.

## CONCLUSION

Petitioner ask that this court grant this injunctive relief and further argues that FPC Montgomery be mandated to comply with all rules in accordance with BOP Program Statement 1330.13 and 28 CFR **§542.10, 542-11, 542.12, 542.13, 542.14 and 542.15.** Furthermore, this petitioner would ask that this court grant him punitive damages for mental suffering and anguish and cost of mailing(s) and preparation of documents (legal research, copying, etc.)

Respectfully submitted this 21 day of February, 2007

---
ERIC HOLLOWAY, Pro Se
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL  36112

## CERTIFICATE OF SERVICE

I Eric Holloway certify under penalty of law and perjury that a true and foregoing copy of this motion has been placed in the inmate mailbox with correct postage affixed and addressed to the following:

    DEPARTMENT OF JUSTICE
    U.S. ATTORNEY'S OFFICE
    P.O. BOX 197
    MONTGOMERY, AL 36101-0117

Respectfully submitted this 21st day of February, 2007.

---
ERIC HOLLOWAY, Pro Se
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL  36112

ERIC HOLLOWAY
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL 36112

LEGAL MAIL

UNITED STATES DISTRICT COURT
ATTN: CLERK OF COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, AL 36101



**ATTACHMENT 1**

MON 1330.11A
ATTACHMENT

# FPC MONTGOMERY, AL.
## INFORMAL RESOLUTION FORM

DATE: 10-16-06       STAFF SIGNATURE: _RP___

INMATE NAME: Holloway, Eric       REG. NO. 36905-09       Inf. Rs.# 95

**NOTICE TO INMATE:** You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: See attached

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: See attached. Spoken with FSA numerous times.

3. STATE WHAT RESOLUTION YOU EXPECT: See attached

INMATE SIGNATURE: _____       DATE: 10-16-06

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: Per Mr. Johnson food service is in keeping with BOP policy by the daily serving of fresh Rigvinik.

COUNSELOR'S SIGNATURE: _RP___       DATE: 10-20-06
UNIT MGR'S REVIEW: _____       DATE: 11/30/2006

STAFF ACTION:

___ NOT ACTED ON-STATE REASONS IN COMMENTS
___ INFORMALLY RESOLVED
___ NO INFORMAL RESOLUTION-(BP-9) ISSUED
___ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| | Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|---|
| Date: | 10-16-06 | 11-16-06 | 11-20-06 | 11-30-06 |
| Time: | 4:38 pm | 4:58 | 1:13 | 1:00 |
| Counselor: | RP | RP | RP | RP |

**ATTACHMENT 2**

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **HOLLOWAY, ERIC**    **36905019**    **MOBILE**    **FPC MONTGOMERY**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

AFTER NUMEROUS ATTEMPTS WITH BOTH MR. JOHNSON, FSA AND THE FILING OF BP-8.5 THAT TOOK MORE THAN 30 DAYS TO GET A RESPONSE PLEASE NOTE THE BELOW:

1. I asked for clarification and/or adherence to PS 4700.05 as it relates to these directive(s) yet to no avail. It's as though the FSA has his own agenda and that PS 4700.05 does not have to be followed/adhered. Chapter 2, Page 2, 8. **MENU REQRUIEMENTS AND AVAILABILITY (b)**, I have been asking that a menu be posted for over **4 months**, but to no avail. (f) Asked for nutritional cards, yet no compliance.

2. Chapter 4, Page 2 j. (1), Fresh fruit will be varied and represent fruit varieties and portion size available on mainline. Mr. Johnson, is informing me that he has no control of this and **we the general population**. I simply want clarification on the (see attached page)

November 20, 2006
DATE      SIGNATURE OF REQUESTER

**Part B- RESPONSE**

*FPC MAXWELL AFB, AL / RECEIVED 06 DEC -5 PM 2:39*

_____
DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 436174-F1

CASE NUMBER: 436174-F1

**Part C- RECEIPT**
Return to: Holloway Eric    36905019    Mobile    FPC Montgomery
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: Food Service Menu - Response given to I/m from Warden on 1/12/07

DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP-229(13)

**ATTACHMENT 3**

RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY

| [name] | 36906-019 | Mobile F | FPC Montgomery |
|---|---|---|---|
| FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**RESPONSE**

Remedy ID - 436174-F1

This is in response to your Request for Administrative Remedy receipted December 5, 2006, in which you indicated the Food Service Department does not have a posted menu available to the general population and that nutritional information cards are not available. You further indicated that Bureau of Prisons' policy regarding the availability and variety of fruit was not being followed, and that staff meals are different than the meals being served to the inmate population. You requested clarification regarding these issues.

A review of the Food Service Department procedures indicates that menus are posted at the entrance of the dining room and that nutritional cards are posted on the serving line. Regarding policy requirements pertaining to the serving of fruit, the policy reference you cite only applies to participants of the religious diet menu and does not apply to the general population. This is to inform you that the menu served on the religious diet program has been standardized and has different requirements than the menu utilized on the main line.

Lastly, regarding staff menus, during the lunch meal, our approach to serving staff meals is in compliance with policy.

Because you requested clarification of the above issues and clarification has been provided, your request for relief is granted.

In accordance with Program Statement 1330.13, <u>Administrative Remedy Program</u>, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

1/3/07
DATE

[signature]
WARDEN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 1, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : ERIC LABRUNCE HOLLOWAY, 36905-019
      MONTGOMERY FPC    UNT: MOBILE    QTR: O06-011U
      MAXWELL AIR FORCE BASE
      MONTGOMERY, AL 36112

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 436174-R1       REGIONAL APPEAL
DATE RECEIVED   : JANUARY 30, 2007
SUBJECT 1       : FOOD - (EXCEPT DIETS & RLGS FOOD/MEALS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY. REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT. THIS TIME
                 INCLUDES MAIL TIME.

AT'

ATTACHMENT 4

January 17, 2007

Eric Holloway
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL  36112

REGIONAL COUNSEL
BUREAU OF PRISONS
SOUTHEAST REGIONAL OFFICE
300 NORTH CAMP CREEK PARKWAY, SW
BLDG. 2000
ATLANTA, GA  30331-5099

Dear Counsel,

    Please note the date of receipt on the bottom of my **REQUEST FOR ADMINISTRATIVE REMEDY**. The date of receipt to the inmate section is noted as **January 12, 2007**, yet the date on the **RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY** is dated January 3, 2007.

    No clarification was given for the delay in receipt to me, nor was any written notification given that my original request for Administrative Remedy would be delayed and not given within the timeframe as allotted by 28 CFR as it was due on December 26, 2006, however receipt was as noted above.

    Notwithstanding, I'm requesting that my Regional Administrative Remedy Appeal be properly accepted outside the **within 20 calendar days of the date the Warden signed the response**. My justification is that I was not timely given the response and the necessary time to prepare a response.

    Thanking you in advance for your assistance in this matter.

Sincerely,

Eric Holloway

cc: attachments
    file


RECEIVED JAN 30 2007 REGIONAL COUNSEL'S OFFICE-SERO BUREAU OF PRISONS

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                 FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) WARDEN DREW | DATE: FEBRUARY 15, 2007 |
|---|---|
| FROM: ERIC HOLLOWAY | REGISTER NO.: REG. NO. 36905-019 |
| WORK ASSIGNMENT: EDUCATION | UNIT: MOBILE F |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

PER YOUR REQUEST PLEASE FIND ATTACHED THE DOCUMENTATION SUPPORTING MY ALLEGATIONS THAT FPC MONTGOMERY STAFF WAS NEGLIGENT IN THE DELIVERY OF YOUR ADMINISTRATIVE REMEDY RESPONSE AND NON-RESPONSIVE SINCE A.W. PURDUE DIRECTED MRS. MOORE TO CORRECT LAST WEEK. AS OF THIS WRITING NO RESOLUTION TO THE PROBLEM. PLEASE FIND ATTACHED: 1. (REPLY FROM REGION REJECTING BP10), 2. (LETTER TO REGION FROM ME EXPLAINING THE DELAY), 3. (COPY OF YOUR REPLY TO ADMINISTRATIVE REMEDY DATED 1/3/07), 4. (COPY OF RETURNED BP9, SIGNED AND DATED !/12/07 BY MR. STEPHENS, EVEN THOUGH IT WAS THE 16th WHEN HE ACTUALLY SIGNED IT, AS HE WAS OUT THE DAY IT WAS GIVEN TO ME BY THE SECRETARY AND IT DID NOT HAVE TO BE **SIGNED OR DATED.**

(Do not write below this line)

DISPOSITION:

---

Signature Staff Member | Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)              This form replaces BP-148.070 dated Oct 86
                                                  and BP-S148.070 APR 94

