IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC HOLLOWAY, #36905-019 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-160-MEF |
| | | (WO) |
| DARLENE DREW, WARDEN, | * | |
| FEDERAL PRISON CAMP, | | |
| MONTGOMERY, AL | * | |
| Defendant. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal inmate incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama, filed this action on February 23, 2007. He styles the complaint as a *Motion for Injunctive Relief Under 18 U.S.C. § 3626*. Section 3626 is a provision of the Prison Litigation Reform Act ["PLRA"]. This Act contains numerous provisions governing the course of prison litigation in federal courts, placing limits on the availability of certain types of relief in such suits, *see* 18 U.S.C. § 3626(a)(1), and providing for the termination of prospective relief orders after a limited time, *see* 18 U.S.C. § 3626(b). Additionally, under § 3626(g)(2), the term "civil action with respect to prison conditions" is defined as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison." In light of the foregoing, the court understands Plaintiff to bring this civil action as a *Bivens*-type

complaint[1] against Darlene Drew, the Warden of FPC Maxwell, seeking injunctive relief and damages for the failure of prison officials to comply and adhere properly to the prison grievance procedures.[2] Upon review of the complaint, the court concludes that it is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## DISCUSSION

Inmates in the custody of the Bureau of Prisons ["BOP"] have available to them an inmate grievance review process. The grievance process has various levels of review. *See* 28 C.F.R. § 542.10, *et seq*. According to the complaint, in October 2006 Plaintiff initiated an inmate grievance complaining that the Food Service Department at FPC Maxwell did not post food menus, failed to provide nutritional cards, and failed to follow BOP policy regarding the availability and variety of fruit served with meals. (Doc. No. 1, Attachments 1-3.)

Plaintiff complains that, during the appeal stage of the grievance process, Defendant and other prison staff delayed the proceedings, which resulted in his appeal being returned to him as untimely. Consequently, Plaintiff maintains that any further attempt to exhaust

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

[2] Federal courts have analogized *Bivens* claims to claims under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive plaintiff of a constitutional right. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

administrative remedies is futile and he requests that compliance with the PLRA exhaustion requirements be waived, that the court grant injunctive relief, and that the court award him damages for mental suffering, anguish, and the cost of mailing and preparation of documents. (Doc. No. 1, Attachment 4.)

An essential element of a *Bivens* action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981). While a violation of a state or federally-created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally-mandated procedures is a violation of the Constitution. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982).

"Federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure." *Flicka v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986)("an inmate grievance procedure is not constitutionally required."). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley,* 997 F.2d at 495 (*citing Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (N.D. Ill.1982)).

Here, the fact that Warden Drew and other prison staff may have failed to respond in a timely manner or otherwise comply with administrative regulations in addressing the grievance filed by Plaintiff provides no basis for relief in this *Bivens* action. *See Brown v.*

*Dodson,* 863 F. Supp. 284 (W.D. Va. 1994); *Azeez,* 568 F. Supp. at 10. Moreover, although 42 U.S.C. § 1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing a *Bivens* action or a suit under § 1983, "[t]he failure [of correctional officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C. § 1997e(b). In light of the foregoing, the court concludes that Plaintiff's challenge to prison officials' alleged lack of compliance with administrative regulations in response to his inmate grievance/complaint is frivolous and due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke,* 490 U.S. at 327.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **April 17, 2007** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 4th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE