IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC HOLLOWAY | ) |
| PLAINTIFF, | ) |
| VS. | ) 2:07-CV-160-MEF (WO) |
| DARLENE DREW, WARDEN<br>FEDERAL PRISON CAMP<br>MONTGOMERY, AL | ) |
| DEFENDANT, | ) |

PLAINTIFF OBJECTION TO RECOMMENDATION
OF MAGISTRATE JUDGE

**NOW COMES THE PLAINTIFF, ERIC HOLLOWAY, pro se**, without the benefit of professional trained counsel, and heretofore, invokes the United States Supreme Court's holding in <u>Haines v. Kerner</u>, and answer's the Recommendation of the Magistrate Judge.

DISCUSSION

The magistrate opinions speaks in volumes about the PLRA and my ensuring that I argue the merits of the Recommendation. Clearly, if one had read my applicative administrative steps and adherences to 28 C.F.R and 18 U.S.C. § 3626, then one would justifiably understand my arguments.

1. The PLRA only requires that administrative remedies which are "available" to the petitioner be exhausted prior to bringing suit. See 42 U.S.C. § 1997e(a) (2003 and Supp 2005). Because the statue requires the remedy to be "available" to the prisoner, it is possible for a prisoner to exhaust his administrative remedies without his claims being denied at the highest level of administrative review specified by the relevant prison polices. See Mitchell v Horn, 318 F.3d 523, 529 (3rd Cir. 2003). Miller, 247 F.3d at 704 (concluding that any remedy which is available as that term is defined in section 1997(e)(a). If prison authorities do not allow an inmate to pursue a grievance, it is arguable whether he has any administrative remedies "available" to him. See Scott v Gardner, 287 F.Supp.2d 477, 491 (S.D.N.Y. 2003).

2. In this instant case petitioner tried to demonstrate to the the that not for the untimeliness of the administration of Federal Prison Camp, Montgomery, AL, (Warden Drew) then his appeal would **not have been untimely and rejected by the Regional Office**. The U.S. Supreme Court explained that the PLRA requires "proper exhaustion" which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits). In Albany v McGinnis, 380 F.3d 663 (2d Cir 2004) which the Second Circuit Id at 666 reversed on the basis that the "DOCS regulations fail to provide inmates with further procedural recourse where the superintendent breaches (his duty to verify compliance with grievance decisions favorable to the inmate)." Id. at 668. In comparison my defense was taken away from me by the very administrative proceedings by not allowing me to file in a timely manner due the FPC Montgomery (Warden Drew) untimeliness.

3. A prisoner's failure to exhaust also can be excuse if the defendants' action estop them from presenting the failure to exhaust as a defense, Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) or their actions render grievance procedures de facto unavailable, Hemphill, 380 F.3d at 687. Thus that court recognized that if the defendant's own actions prevent a prisoner from pursuing administrative remedies, the prisoner's failure to avail himself of those remedies cannot bar his access to the courts.

In the instant case petitioner has been denied the administrative usage and ability to pursue his grievance(s)

from the onset and continued to the point that in his filing the Bureau of Prisons Southeastern Regional Office, rejected his Appeal as **untimely**. One would have to further question then has his Constitutional right to Due Process been violated.

Notwithstanding, is the magistrate's Recommendation stating or implying that the petitioner does not have an inherent right for administrative grievance(s) schedules, compliances. If one would read the petitioner's argument of facts then if was duly noted also by the magistrate that prisons authorities to include Warden Drew had not met the prescribed and mandated guidelines as outlined in 28 C.F.R. § 542.10, et. seg.

> A. If the administration is not going to be held to the standard of review and procedure(s) as outlined, then what purpose or right is the statue dealing with the inherent law of 18 U.S.C. § 3626, and P.L.R.A.

On page 3 of the Magistrate Recommendation it clearly states that an **essential element of a Bivens action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.** Clearly depriving plaintiff of rights afforded under the mention statue is secured by a law of the United States.

Accordingly, one would have to see the merits of petitioner's claim that by being denied the venue to exhaust his administrative remedies was prevented by the F.P.C. Warden and staff is truly justifiable relief for injunctive relief.

-3-

Because 42 USCS § 1997e(a) requires remedy to be available to prisoner, it is possible for prisoner to exhaust his administrative remedies without his claims being denied at highest level of administrative review specified by relevant prison policies; if prison authorities do no allow inmate to pursue grievance, it is <u>arguable whether he has anyadministrative remedies available to him</u>, Neese v. Arpaio (2005, DC Ariz) 397 F Supp 2d 1178.

## CONCLUSION

Petitioner would ask that this Honorable Court allow him to go forth with his claim and order the Defendant's to adhere to policy and the administrative grievance procedure(s) as outlined in 28 C.F.R. and it's on Bureau of Prisons Program Statement PS 1330.13 Administrative Remedies.

If one cannot rely on the court to honor or make and agency adhere to statue and inherent Constitutional rights, then where does petitioner turn to.

Respectfully submitted this 12th day of April, 2007.

_____
ERIC HOLLOWAY, PRO SE
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL 36112

CERTIFICATE OF SERVICE

I swear under penalty of law and perjury that a true and foregoing copy of this motion has been placed in the inmate mailbox with correct postage affixed and addressed to:

    U.S. Attorney Office
    P.O. Box 197
    MONTGOMERY, AL 36101-0197

Respectfully submitted this 12th day of April, 2007

_____
ERIC HOLLOWAY, PRO SE
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL  36112



MONTGOMERY AL 361

13 APR 2007 PM 3 T

ERIC HOLLOWAY
REG. NO. 36905-019
FEDERAL PRISON CAMP
MONTGOMERY, AL  36112

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, AL  36101-0711

36101+0711